# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KAREN J. STEWART, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 14 CV 8667 |
| ) | |
| v. ) | Hon. Charles R. Norgle |
| ) | |
| CATERPILLAR INC. NON-CONTRIBUTORY ) | |
| PENSION PLAN, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, United States District Court Judge

Plaintiff Karen J. Stewart ("Plaintiff") brings her Complaint against Defendant Caterpillar Inc. Non-Contributory Pension Plan ("Defendant"), alleging that Defendant failed to pay Plaintiff pension benefits due to her by operation of a qualified domestic relations order, pursuant to certain provisions of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Defendant argues that the instant litigation is barred by the doctrine of *res judicata*. Before the Court is Defendant's motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). For the following reasons, the motion is granted.

## I. BACKGROUND

### A. Plaintiff's Receipt of Pension Benefits from Defendant

On August 22, 2005, Plaintiff divorced her husband, then an employee of Caterpillar, Inc. ("Caterpillar"). Part of Plaintiff's divorce judgment gave her the right to file a qualified domestic relations order ("QDRO") with Defendant, which would entitle her to fifty percent of her ex-husband's pension benefits that had accrued during the marriage. See Compl. Ex. 2. At all relevant times, Caterpillar was Defendant's plan administrator. After Caterpillar approved Plaintiff's QDRO, it calculated her monthly benefits and sent its determinations to Plaintiff on or

about May 16, 2006. On June 2, 2006, Plaintiff sent Caterpillar a signed pension plan pension election authorization form, electing to receive monthly payments of $717.27 as a lifetime annuity, and $507.90 for an Additional Early Retirement Allowance, for a total monthly benefit of $1,225.17. Plaintiff began receiving her monthly benefits soon after.

On October 9, 2009, Caterpillar sent Plaintiff a "Pension Overpayment Notice," which specified that she was "not eligible for the Additional Early Retirement Allowance," and that "due to an 'incorrect actuarial reduction factor for early commencement of [Plaintiff's] benefit,'" her monthly benefit amount had been overstated by $1,058.32. Mem. Supp. Def. Mot. J. Pleadings Ex. A ¶ 11. Caterpillar explained that Plaintiff could either pay the entire $43,391.12 overpayment in the form of a lump sum, or pay $83.43 monthly for 520 months. Compl. Ex. 6, at 2. Plaintiff subsequently asked Caterpillar for an internal administrative review of her benefit adjustment, arguing that her benefits had been incorrectly adjusted and that she was entitled to her original monthly benefit of $1,225.17. After an internal review period lasting nearly seventeen months, Caterpillar denied her administrative appeal, and issued its Final Administrative Decision on March 4, 2011.

## B. Stewart I

Caterpillar's Final Administrative Decision gave Plaintiff the right to file suit; Plaintiff filed her first lawsuit, Stewart v. Caterpillar, Inc., No. 12-cv-05328 ("Stewart I"), on July 6, 2012. Plaintiff's four-count complaint in Stewart I alleged violations of breach of fiduciary duty under Section 404 of ERISA, 29 U.S.C. § 1104; and state law claims of negligence; negligent infliction of emotional distress; and breach of contract. In Stewart I, Plaintiff's underlying theory *viz-á-viz* her ERISA claim alleged that Caterpillar breached its fiduciary duty by affirmatively misrepresenting a material fact—her monthly benefit amount—which Plaintiff allegedly relied on to her detriment. While the negligence counts largely mirrored Plaintiff's ERISA count,

Plaintiff's breach of contract count alleged that Caterpillar had a contract with Plaintiff in the form of pension benefits, and Caterpillar "breached the contract when they failed to pay [Plaintiff's] benefits of $1,225.17 monthly as stated in their agreement." Mem. Supp. Def. Mot. J. Pleadings Ex. A ¶ 47.

Caterpillar moved to dismiss Stewart I under Rule 12(c), reasoning that a six-year statute of limitations, which began on June 2, 2006 (the day Plaintiff submitted her original claim forms), barred Plaintiff's breach of duty claim. See 29 U.S.C. § 1113(1). Plaintiff responded by arguing that the cause of action did not accrue until Caterpillar issued its Final Administrative Decision, although her argument cited case law interpreting the limitations period that applies to a different section of ERISA, 29 U.S.C. § 1132, which discusses the recovery of pension benefits, not breach of fiduciary duty. See id. § 1132(a)(1)(B); Young v. Verizon's Bell Atl. Cash Balance Plan, 615 F.3d 808, 815–16 (7th Cir. 2010) (imposing a 10-year limitations period for enforcement actions arising under Section 1132). Plaintiff also voluntary dismissed her other state law claims pursuant to Rule 41(a)(1)(A)(i).

The Stewart I Court granted Caterpillar's motion, and dismissed the case with prejudice. Stewart v. Caterpillar, Inc., No. 12-cv-05328, 2012 WL 6019287 (N.D. Ill. Nov. 30, 2012). That Court found that ERISA's six-year statute of limitations for breach of fiduciary duty claims controlled, it began to run on June 2, 2006, and thus barred Plaintiff's claims. Id. at *3. In finding Plaintiff's discussion of Section 1132 "irrelevant," the Order stated:

> Plaintiff did not bring her suit under this section, and no facts in the complaint could make out a plausible claim to enforce rights under the Plan. Plaintiff does not allege that she is legally owed benefits under the terms of her exhusband's Plan; rather, she claims that she relied on Caterpillar's representations regarding the value of the pension benefit, and that those representations were false. . . . The complaint (and supporting exhibits) foreclose the possibility that Plaintiff could prove any set of facts that would defeat the affirmative defense of statute of limitations and entitle her to relief.

3

Id. Although Plaintiff filed a notice of appeal on December 31, 2012, she voluntarily dismissed her appeal on September 20, 2013. See Mem. Supp. Def. Mot. J. Pleadings Ex. C, at 1. Instead, Plaintiff opted to file a "Combined Rule 60(b) Motion for Relief from a Final Judgment and Rule 15 Motion to Amend the Complaint." Id. Ex. D, at 1. In her motion, Plaintiff attempted to obtain leave to amend her complaint by dismissing her original four counts and adding two new counts, one under Section 1132(a)(1)(B) "to obtain judicial review of Caterpillar, Inc.'s allegedly wrong determination of Plaintiff's pension benefits," and another count for estoppel. Mem. Supp. Def. Mot. J. Pleadings Ex. D, at 1. The Stewart I Court denied those motions, ruling that, *inter alia*, the appropriate path to contest a dismissal with prejudice is to file an appeal, not a Rule 60(b) motion. Stewart I, 2014 WL 1558112, *3 (N.D. Ill. Apr. 18, 2014).

## C. Stewart II

On October 31, 2014, Plaintiff filed a new case before this Court ("Stewart II"), containing the same counts that she unsuccessfully sought to add in Stewart I. While the facts and prayers for relief in Stewart II are substantively the same as in Stewart I, Plaintiff's views of how the facts give rise to the prayed-for relief are different. Instead of alleging that Caterpillar misrepresented the benefit amount to be higher than it actually was, Plaintiff now alleges that Defendant (and not Caterpillar, Inc.) erroneously determined Plaintiff's lower benefit amount. Accordingly, Plaintiff alleges, Defendant failed to pay Plaintiff's original, higher, monthly benefit amount. Defendant again moves for judgment on the pleadings, pursuant to Rule 12(c), this time asserting that the instant Complaint is barred by *res judicata*.

## II. DISCUSSION

### A. Standard of Decision

The Court decides Rule 12(c) motions using the same standard that applies to Rule 12(b)(6) motions. Guise v. BWM Mortg., LLC, 377 F.3d 795, 798 (7th Cir. 2004). When

considering a Rule 12 motion, the Court may "take judicial notice of matters of public record," which (as relevant here) includes pleadings, orders, and transcriptions from prior proceedings. See United States v. Wood, 925 F.2d 1580, 1582 (7th Cir. 1991); Williamson v. Curran, 714 F.3d 432, 442–43 (7th Cir. 2013).

In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (stating that a complaint must allege "enough facts to state a claim to relief that is plausible on its face"). Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citation omitted). The Court accepts "all well-pleaded allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." Indep. Trust Corp., 665 F.3d at 934 (internal quotation marks and citation omitted).

## B. Plaintiff's Complaint in Stewart II is Barred by the Doctrine of *Res Judicata*

A party seeking to bar a suit using the doctrine of *res judicata* is required to show (i) a final judgment on the merits, (ii) an identity of the parties or their privities, and (iii) an identity of the causes of action in both cases. Highway J Citizens Grp. v. U.S. Dep't of Transp., 456 F.3d 734, 741 (7th Cir. 2006) (internal citations omitted). If these elements are present, "*res judicata* bars not only those issues which were actually decided in a prior suit, but also all issues which would have been raised in that action." Id. At issue in the instant motion are the identities of the parties and causes of action; that a final judgment was entered in Stewart I is uncontested.

### 1. Defendant is in privity with Caterpillar

To satisfy *res judicata*'s identity-of-the-parties requirement, the parties, or their privities,

5

in both cases must "sufficiently represent" the other's interests. Studio Art Theatre of Evansville, Inc. v. City of Evansville, 76 F.3d 128, 131 (7th Cir. 1996). Aside from an identity of interest, other factors that courts have used to determine sufficient representation include, *inter alia*, control of, or participation in, the earlier litigation, and the close relationship between the parties in the two cases. See, e.g., Tice v. Am. Airlines, Inc., 162 F.3d 966, 971 (7th Cir. 1998). While no Seventh Circuit opinion has squarely addressed the issue of whether a pension plan subject to ERISA regulation is in privity with its plan administrator (typically the employer), Defendant points to the persuasive authority of the Eighth Circuit and other district courts outside the Seventh Circuit for the contention that the employer's "interests as the administrator of the Plan [are] identical to the Plan's interests." See, e.g., Daley v. Marriott Int'l, Inc., 415 F.3d 889, 897 (8th Cir. 2005); Cohen v. Local-339-RWDSU/UFCW, No. 08 Civ. 01151 (RJH)(FM), 2010 WL 3199695, at *8 (S.D.N.Y. Aug. 12, 2010) (collecting cases). Plaintiff responds by arguing that Defendant is a separate legal entity from Caterpillar under 29 U.S.C. § 1132(d), and that Daley and the related cases cited by Defendant only apply when the plan is sued *before* the employer, which is the converse procedural history from this case. Plaintiff, however, does not provide any support for her argument that timing—that is, who was sued first—has any relevance to privity.

In finding privity between the employer (the plan administrator) and the plan, the Daley Court found determinative that the plan administrator was "responsible for all discretionary matters arising in the interpretation, operation, and administration of the Plan," and was the entity charged with ensuring that benefits are paid according to the terms of the plan. Id. Here, Caterpillar, Inc. is Defendant's Plan Administrator, who "funds the trust from which benefits are paid, and makes determinations as to pension eligibility and benefits payable." Compl. ¶ 8. As in Daley, Caterpillar has "discretionary authority to interpret the terms of the plan and to determine

6

eligibility for and entitlement to plan benefits and shall have the discretion to take any other action with respect to the plan in accordance with such resolution and delegation." See Compl. Ex. 1, part 2 (Dkt. 1-3), § 11.5, at 52.

In Stewart I, Plaintiff's requested relief for Caterpillar's alleged breach of fiduciary duty came in the form of plan benefit payments: a reinstatement of monthly benefits at the original, higher amount; back payments; and 9% interest. While the contractual terms of the Plan state that "no employer shall be liable or responsible in any way for the payment of any pension or benefit hereunder," plan administrators are required by statute to indemnify the plan from any losses relating to the administrator's breach of fiduciary duty. See 29 U.S.C. § 1109(a). So had Plaintiff prevailed in Stewart I, Defendant would have been required to pay the damages to Plaintiff, and Caterpillar would have been required to reimburse Defendant. Similarly, if Plaintiff ultimately recovers in *this* matter, Defendant would be required to pay damages to Plaintiff in the form of past benefits due. As Caterpillar controls the Plan, and funds the trust from which plan benefits are paid, Caterpillar would be forced to refund the Plan if Defendant was forced to pay damages to Plaintiff. In short, a judgment on one would bind the other. Accordingly, the defendants in Stewart I and Stewart II sufficiently represent the other's interests, and the Court finds that they are in privity for the purposes of *res judicata*.

### 2. *The ERISA claim in Stewart I is identical to the cause of action in Stewart II*

To bar Plaintiff's Complaint on *res judicata* grounds, Defendant must also show an identity in the causes of action. Plaintiff contends that there is no identity because the different matters allege different injuries ("misrepresentation" in 2006 versus "failure to pay" in 2009), and purportedly ask for different relief. Defendant argues the two matters have an identity in the causes of action because—no matter how the employer's/plan's conduct is characterized—both cases concern the same common core of operative facts. The Court agrees. A "cause of action" is

7

defined by whether the matters involve the same transaction—"a single core of operative facts which give rise to a remedy." Car Carriers, Inc. v. Ford Motor Co., 789 F.2d 589, 593 (7th Cir. 1986) (internal quotation marks and citations omitted).

Here, no matter how Plaintiff artfully pleads or frames the events, her cause of action is the same. Whether because Caterpillar misrepresented the benefit amount, or because Defendant failed to pay Plaintiff the benefit to which she was entitled, both cases involve the same operative facts: Plaintiff was receiving a monthly benefit from her ex-husband's employer, and then learned approximately twenty-eight months later that her benefit would be drastically reduced. Her desired remedy, stripped of posturing, was to be returned to the *status quo* that existed before she received the reduction in benefits—a reinstatement of her larger monthly benefit amount, back payments, and interest. For the purposes of *res judicata*, the Court finds that her claims in both matters are identical.

### III. CONCLUSION

Because there is an identity of causes of action, an identity of parties, and a final adjudication on the merits, *res judicata* bars the instant litigation. For these reasons, Defendant's motion is granted.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: March 23, 2015